UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LISA GATES,

        Plaintiff,

   v.

WACHOVIA MORTGAGE, FSB,

        Defendant.
_____/

NO. 2:09-cv-02464-FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendant Wachovia Mortgage, FSB ("Wachovia") to dismiss plaintiff Lisa Gates's ("plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below,[1] defendant's motion to dismiss is GRANTED in part and DENIED in part.

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiff brought this action against Wachovia for conduct arising out of a mortgage loan (the "Loan"). On February 25, 2006, plaintiff obtained the Loan from World Savings Bank, FSB, who subsequently changed its name to Wachovia Mortgage, FSB, on December 31, 2007. (Req. for Judicial Notice ("RFJN") ¶ 1.) Plaintiff secured the loan by a deed of trust on plaintiff's current residence, 6232 Channel Islands Lane, Roseville, California. (FAC ¶¶ 9, 11.)

Plaintiff alleges that Wachovia failed to provide her with the proper copies of the Notice of Right to Cancel at the time of signing as required by the Federal Truth in Lending Act ("TILA"), giving plaintiff up to three years to rescind the loan. (Id. ¶¶ 26-30.) On January 15, 2009, plaintiff sent a letter to Wachovia, which she alleges was a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and a valid rescission under TILA. (FAC ¶ 24.) Plaintiff's letter offered to settle the matter with Wachovia by modifying the existing terms, but stated that the failure to reach an agreement would result in plaintiff's rescission of the Loan. (FAC Pl.'s Ex. B.) Plaintiff contends that Wachovia further violated TILA by failing to respond to this letter. (FAC ¶ 42.)

Plaintiff originally filed this action against Wells Fargo Bank on April 17, 2009, but amended her complaint on July 24, 2009 to remove Wells Fargo Bank and name her actual lender, Wachovia. In her FAC, plaintiff asserts claims for 1) violation of TILA, 15 U.S.C. §§ 1601 et seq., 2) violation of RESPA, 12

2

U.S.C. §§ 2601 et seq., and 3) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788 et seq. Wachovia moves to dismiss plaintiff's FAC for failure to state cognizable claims.

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Twombly</u>, 550 U.S. at 555. Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atl. Corp.</u>, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   Wachovia's Exhibits**

In ruling upon a motion to dismiss, the court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  See Mir, 844 F.2d at 649; Isuzu Motors Ltd., 12 F. Supp. 2d at 1042.  Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). The court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are

5

1  true for purposes of a motion to dismiss under Rule 12(b)(6)."
2  Id.  The policy concern underlying the rule is to prevent
3  plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately
4  omitting references to documents upon which their claims are
5  based."  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

    Plaintiff's complaint alleges several causes of action that
are premised on Wachovia's failure to provide the disclosures and
number of copies of the Notice of Right to Cancel.  (FAC ¶¶ 26-
30.)  Defendant requests judicial notice of the Notice of Right
to Cancel signed by Plaintiff and referenced at paragraphs 26-30
and 48 of the FAC.  Plaintiff has not opposed the request.
Accordingly, because the loan documents form the basis of the
relevant causes of action, the court considers them for the
purpose of defendant's motion to dismiss.[2]

**B.   TILA**

    Plaintiff's first claim for relief alleges that defendant
Wachovia violated TILA (1) by failing to provide the required
disclosures to plaintiff at the time of closing, and (2) by
failing to respond to plaintiff's letter of "rescission."  (FAC
¶¶ 26-30, 41-42.)  Wachovia moves to dismiss the claim, arguing,
*inter alia*, that (1) plaintiff rescission claim is time barred,
and (2) plaintiff's letter was not a valid rescission.  (Def.'s
Mot. to Dismiss ("MTD"), filed Oct. 14, 2009, 1:28-2:2; Def.'s
Reply to Opp'n to MTD ("Def.'s Reply"), filed Jan. 29, 2010, 4:5-
28, 5:1-3.)

---

[2]  Defendant also requested judicial notice of various documents that prove its name was changed from World Savings Bank, FSB, on or about December 31, 2007.  (RFJN ¶ 2.)  The court also considers these documents for the purpose of this motion.

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 560 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). A loan disclosure violation under TILA triggers two potential remedies for a borrower: rescission, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640. Plaintiff seeks to rescind the Loan and obtain damages pursuant to § 1640(a)(2).

**1. Rescission Under TILA**

In the present action, plaintiff alleges that Wachovia did not provide her with the required notice of her right to rescind in violation of 15 U.S.C. § 1635(a). (FAC ¶ 39.) Wachovia moves to dismiss, arguing that plaintiff's rescission claim is barred by TILA's three-year statute of limitations. (MTD 2:4.) In response, plaintiff asserts that defendant's failure to respond to her notice of rescission extended the three-year statute of limitations. (Pl.'s Opp'n to MTD, filed Jan. 11, 2010, 4:11.)

In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction. McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635). A creditor must "clearly and conspicuously disclose" this right to

7

1 the borrower along with "appropriate forms for the [borrower] to
2 exercise his right to rescind." 15 U.S.C. 1635(a).
3      If a creditor fails to provide the borrower with the
4 required notice of the right to rescind, the borrower has three
5 years from the date of consummation to rescind the transaction.
6 Id. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice
7 or material disclosures are not delivered, the right to rescind
8 shall expire 3 years after consummation."). The borrower's right
9 to rescind, moreover, applies equally against the original
10 creditor and subsequent assignees.  15 U.S.C. § 1641(c); see
11 Boles v. Merscorp, Inc., No. 08-1989, 2008 WL 5225866, at *3
12 (C.D. Cal. Dec. 12, 2008) ("Where the loan has been assigned, the
13 borrower still maintains the right to 'rescind against an
14 assignee to the full extent it would be able to rescind against
15 the original creditor.'" (quoting Rowland v. Novus Fin. Corp.,
16 949 F. Supp. 1447, 1458 (D. Haw. 1996))).
17      However, if the borrower files his or her suit over three
18 years from the date of a loan's consummation, a court is
19 powerless to grant rescission.  Miguel, 309 F.3d at 1164
20 ("[S]ection 1635(f) represents an 'absolute limitation on
21 rescission actions' which bars any claims filed more than three
22 years after the consummation of the transaction." (quoting King
23 v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach,
24 523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the
25 right of rescission at the end of the 3-year period."). If a
26 borrower exercises her right to rescind within the three-year
27 limitation period, such action only entitles the borrower to
28 damages, not rescission.  Cazares v. Household Fin. Corp., No. CV

8

04-6887 DSF, 2005 U.S. Dist. LEXIS 39222, at *24-25 (C.D. Cal. 2005) (citing 15 U.S.C. § 1640(a); Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir. 2005)).  But see Santos v. Countrywide Home Loans, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *3-5 (E.D. Cal. August 14, 2009) (finding that, if creditor does not properly respond to notice of rescission provided by borrower within limitations period, borrower could file suit after three-year period of repose).

Here, plaintiff's allegation that Wachovia did not provide her with the required notice gave her three years from the consummation of her loan to seek rescission.  Plaintiff consummated the loan with Wachovia on February 25, 2006, and filed the present action on April 17, 2009.  (FAC ¶ 12; MTD 2:4-6.)  Because plaintiff filed her Complaint over three years from the date of consummation, the court is without jurisdiction to consider her claim for rescission under TILA.  See Miguel, 309 F.3d at 1164 (noting that congressionally imposed time limits "deprive courts of jurisdiction" when plaintiffs fail to seek rescission within three-year period).

Further, the court declines to grant plaintiff leave to amend.  While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, the court is not required to allow *futile* amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  Here, amendment of the complaint with respect to plaintiff's rescission claim would be futile under the governing law described above, and plaintiff does not provide any other facts which could

/////

plausibly give rise to such a claim against Wachovia.  See <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, Wachovia's motion to dismiss plaintiff's first claim for rescission under TILA is GRANTED without leave to amend.[3]

### 2. Damages Under TILA

Plaintiff also seeks damages under TILA for Wachovia's failure to respond to a letter from plaintiff dated January 15, 2009, which she alleges was notice of her intent to rescind. Wachovia contends that plaintiff's claim is subject to dismissal because plaintiff's letter did not give rise to an obligation to rescind.  Specifically, Wachovia argues that because plaintiff did not express her wish to rescind "clearly and unequivocally," she "failed to trigger any obligation under TILA for Wachovia to carry out a rescission."  (<u>Id.</u> 4:10-11, 5:1-2.)

When a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation to rescind the transaction. 12 C.F.R. § 226.23(a)(3).  To exercise the right to rescind, a borrower must "notify the creditor of the rescission by mail,

---

[3] The court also notes that plaintiff's failure to plead the ability to tender payment is sufficient grounds for dismissal of her rescission claim.  The Ninth Circuit has held that rescission under TILA "<u>should</u> be conditioned on repayment of the amounts advanced by the lender." <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1170 (9th Cir. 2003).  District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds.  <u>See, e.g.</u>, <u>Ibarra v. Plaza Home Mortgage</u>, No. 08-CV-01707-H, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 2009). Neither plaintiff's complaint, nor her subsequent filings, present any evidence that would allow the court to make a reasonable inference that she once had or currently has the ability to tender.

1  telegram or other means of written communication." Id. §
2  226.23(a)(2).  Notice is deemed effective "when mailed, when
3  filed for telegraphic transmission or, if sent by other means,
4  when delivered to the creditor's designated place of business."
5  Id.  If a creditor then refuses to cancel the loan, the borrower
6  has one year from the refusal to file suit for damages pursuant
7  to 15 U.S.C. § 1640.  Miguel, 309 F.3d at 1165 (citing 15 U.S.C.
8  § 1640(e)).

Here, plaintiff sent a letter to Wachovia on January 15, 2009, less than three years from the date of consummation, February 25, 2006.  (FAC ¶¶ 24-30; Pl.'s Ex. B.)  In her letter, plaintiff stated that Wachovia violated TILA by not providing her with proper notice, and that she believed she had the right to rescind.  (Pl.'s Ex. B at 3.)  Plaintiff's letter offered to "settle [the] rescission issue with WACHOVIA," and proceeded to set forth a list of modified terms for Wachovia's consideration.  (Id.)  After listing the modified terms, plaintiff's letter stated the following:  "Of course, we would be interested in a reasonable counter proposal.  If you reject our settlement or we do not come to a resolution, by this letter, as instructed in the attached document by Ms. Gates, Ms. Gates hereby rescinds the above referenced loan."  (Id.) (emphasis in original).  When Wachovia failed to respond to plaintiff, she filed this action almost three months later on April 17, 2009.

By filing a claim for damages less than one year after sending the letter, plaintiff has filed within the statutory time limit.  Despite Wachovia's contention that it had "no obligation to rescind in response to [plaintiff's] letter" (Def.'s Reply

11

4:8-9), the plain language of the letter communicated plaintiff's desire to rescind if Wachovia was unwilling to modify the terms. Wachovia's failure to respond to the letter was tantamount to a rejection of the terms, and plaintiff's letter therefore served as a valid notice of rescission within the requisite time period under 15 U.S.C. § 1635(f). Neither TILA nor 12 C.F.R. § 226.23(a)(2) sets forth any technical requirements that govern the language a consumer must use when requesting a rescission. Wachovia cites no authority stating that a notice of rescission under TILA must be "clear and unequivocal." Therefore, plaintiff's FAC sufficiently alleges a claim for damages pursuant to 15 U.S.C. § 1640.

Accordingly, defendant's motion to dismiss plaintiff's claim for damages under TILA is DENIED.

**B.   RESPA Violation**

Plaintiff's second claim for relief alleges that Wachovia violated 12 U.S.C. § 2605 by failing to provide a written explanation in response to plaintiff's letter dated January 15, 2009, which she claims was a valid QWR. (FAC ¶¶ 72-73.) Wachovia moves to dismiss this claim, *inter alia*, on the basis that the plaintiff has failed to plead actual damages as required by RESPA. (MTD 6:16-17.)

Section 2605 of RESPA requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower: (1) at the time of the loan application, and (2) at the time of transfer. 12 U.S.C. § 2605. The loan servicer also has a duty to respond to a borrower's inquiry or "qualified written request." Id. §

12

2605(e).

A claim for a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to the defendant's failure to respond to a QWR.  See Benham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, at *10-11 (N.D. Cal. Oct. 1, 2009); Singh v. Wash. Mut. Bank, No. C-09-2771 MMC, 2009 U.S. Dist. LEXIS 73315, at *16 (N.D. Cal. Aug. 19, 2009).  While courts interpret this requirement liberally, the plaintiff must at least allege what the plaintiff lost or how the plaintiff suffered actual harm.  See Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV. S-09-1504 LKK, 2009 U.S. Dist. LEXIS 79094, at *44 (E.D. Cal. Sept. 3, 2009) (holding that plaintiff's claim was sufficient to survive motion to dismiss because plaintiff alleged that she was made to pay referral fee that RESPA prohibited); Hutchinson v. Del. Sav. Bank, FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (holding that plaintiffs adequately pled actual damages when they alleged that they suffered "negative credit ratings on their credit reports [and] the inability to obtain and borrow another mortgage loan and other financing").

Here, plaintiff's FAC does nothing more than claim that Wachovia failed to acknowledge plaintiff's alleged QWR.  (FAC ¶ 72.)  This information, alone, is insufficient to demonstrate that plaintiff suffered actual damages as a result of defendant's failure to respond to the alleged QWR.  Therefore, plaintiff has
/////
/////

not sufficiently pled facts showing a cognizable RESPA violation.[4]

Accordingly, Wachovia's motion to dismiss plaintiff's second claim for relief for violations of RESPA is GRANTED.

**C.    RFDCPA Violation**

Plaintiff's third claim for relief alleges a violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (FAC ¶¶ 75-80.) Wachovia moves to dismiss this claim on the ground that it lacks the factual allegations necessary to survive a motion to dismiss. (MTD 6:27.)

The RFDCPA precludes a debt collector from collecting or attempting to collect from a debtor on a consumer debt in a threatening or harassing manner. See Cal. Civ. Code § 1788 et seq. (West 2010). Specifically, the RFDCPA prohibits threats, obscenity, misleading or false communications, and overreaching. Id. §§ 1788.10-.12, 1788.14-.16. However, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Izenberg v. ETS Servs., LLC, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home Loans, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)). Nor does foreclosure meet the requirements of a debt collection within the meaning of the RDFCPA. Id.

Plaintiff alleges that Wachovia repeatedly contacted her in an attempt to collect the debt, and that such contact amounted to a "willful disregard" for plaintiff's rights. (Compl. ¶¶ 77-78.)

---

[4] Because plaintiff failure to allege actual damages is dispositive, the court need not address the issue of whether plaintiff's letter qualifies as a valid QWR.

14

While the federal rules contemplate a short and plain statement of the factual basis for a plaintiff's claims, the allegations must be sufficiently pled (1) to allow the court to determine whether the conduct violates the statute, and (2) to enable defendants to respond. See Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 555. Plaintiff's assertion that Wachovia "repeatedly called" plaintiff does not by itself constitute a violation of the RFDCPA. See Fullmer, 2010 WL 95206, at *7.

Accordingly, Wachovia's motion to dismiss plaintiff's third claim for relief for violations of the RFDCPA is GRANTED.

**CONCLUSION**

For the foregoing reasons, Wachovia's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's claim for rescission under TILA is dismissed without leave to amend. As to all other dismissed claims, plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendant is granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: February 19, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE