UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LISA GATES,

        Plaintiff,

   v.

WACHOVIA MORTGAGE, FSB,

        Defendant.
_____/

NO. 2:09-cv-02464-FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendant Wachovia Mortgage, FSB ("Wachovia") to dismiss plaintiff Lisa Gates' ("plaintiff") second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below,[1] defendant's motion to dismiss is GRANTED in part and DENIED in part.

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

The court adopts the factual and procedural background set forth in its Order on Wachovia's motion to dismiss plaintiff's first amended complaint ("FAC"). (Order on Def.'s Mot Dismiss Pl.'s FAC ("Order"), Filed Feb. 2, 2010 (docket # 18).) Wachovia moves to dismiss plaintiff's SAC for failure to plead facts sufficient to state cognizable claims for relief.

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555. Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at

3

1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.  Wachovia's Exhibits**

The court adopts the analysis of judicial notice of Wachovia's exhibits set forth in its Order on Wachovia's motion to dismiss plaintiff's FAC. Because the loan documents, specifically the Notice of Right to Cancel, form the basis of the relevant causes of action, the court considers them for the purpose of defendant's motion to dismiss.[2] (Def.'s Mot. Dismiss Pl.'s SAC ("MTD"), Filed April 6, 2010 (docket # 20).)

**B.  Truth in Lending Act**

Plaintiff's first cause of action alleges defendant Wachovia violated the Truth in Lending Act ("TILA") 25 U.S.C. § 1601, *et seq*. (1) by failing to provide accurate copies of the required disclosures to plaintiff at the time of closing as required by the statute, and (2) by failing to respond to plaintiff's letter of "rescission." (SAC ¶¶ 27-30, 40-41, 43.)  Wachovia moves to

---

[2] Defendant also requested judicial notice of various documents that prove its name was changed from World Savings Bank, FSB, on or about December 31, 2007. (RFJN ¶ 2.) The court also considers these documents for the purpose of this motion.

4

1  dismiss plaintiff's first cause of action, arguing that paragraph
2  72 of plaintiff's SAC is an attempt to revive her recission claim
3  in direct contradiction of this court's Order.  Specifically,
4  Wachovia asserts: (1) plaintiff is barred from reasserting her
5  recission claim following this court's Order; and (2) plaintiff's
6  recission claim is time barred by TILA's three-year statute of
7  limitations.  Plaintiff responds that she is not attempting to
8  reassert her recission claim contrary to this court's Order, but
9  merely "attempt[ing] to plead damages in the broadest form
10 possible."  (Pl.'s Opp'n to Mot Dismiss ("Opp'n"), Filed June 3,
11 2010 (docket # 24) 3.)  More specifically, plaintiff alleges that
12 paragraph 72's "alternative requests" are merely an element of
13 plaintiff's notice pleading, and necessary for a complete
14 discussion of plaintiff's damages under her TILA claim.  (Opp'n
15 at 4.)

16      As noted by this court in its prior Order, if a borrower
17 files his or her suit over three years from the date of a loan's
18 consummation, a court is powerless to grant rescission.  Miquel,
19 309 F.3d at 1164 ("[S]ection 1635(f) represents an 'absolute
20 limitation on rescission actions which bars any claims filed more
21 than three years after the consummation of the transaction."
22 (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986));
23 accord Beach, 523 U.S. at 412 ("[Section] 1635(f) completely
24 extinguishes the right of rescission at the end of the 3-year
25 period.").  If a borrower exercises his or her right to rescind
26 within the three-year limitation period, such action only
27 entitles the borrower to damages, not rescission.  Cazares v.
28 Household Fin. Corp., No. CV 04-6887 DSF, 2005 U.S. Dist. LEXIS

39222, at *24-25 (C.D. Cal. 2005) (citing 15 U.S.C. § 1640(a); Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir. 2005)). But see Santos v. Countrywide Home Loans, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *3-5 (E.D. Cal. Aug. 14, 2009) (finding that, if creditor does not properly respond to notice of rescission provided by borrower within limitations period, borrower could file suit after three-year period of repose). Accordingly, because a recision action is time barred in the present action, this court granted Wachovia's motion to dismiss plaintiff's recision claim and did not allow plaintiff leave to amend. (Order at 10.)

As such, plaintiff is barred from reasserting a recision claim in her amended complaint, and this court will not consider a recission claim brought under TILA by plaintiff. However, while plaintiff incorporates elements of a recission claim into her first cause of action[3], these requests are presented as an alternate prayer for relief, following a thorough discussion of plaintiff's claim for damages under TILA, which this court allowed in its prior Order. The court emphasizes that plaintiff's recission claim has been dismissed and cannot be pressed in this litigation. However, as plaintiff unequivocally acknowledges the dismissal of this claim, Wachovia's motion to dismiss plaintiff's first cause of action is DENIED.

**C.   RESPA Violation**

Plaintiff's second cause of action alleges Wachovia violated

---

[3]   Plaintiff requests, *inter alia,* a voiding of the security interest and promissory note or lien as a matter of law, and a negation of Wachovia's interest in the property.

6

1  12 U.S.C. § 2605 by failing to provide a written response to
2  plaintiff's letter dated January 15, 2009, which she claims is a
3  valid qualified written request ("QWR").  (SAC ¶¶ 82-85.)
4  Wachovia moves to dismiss this claim on the basis that, *inter*
5  *alia*, the letter of January 15, 2009 does not contain a valid QWR
6  as defined by RESPA § 2605(e).  (MTD at 3-4.)

7       In order to qualify as a QWR, a borrower's inquiry must
8  include a statement of the reasons for the belief of the borrower
9  . . . that the account is in error or provide sufficient detail
10 to the servicer regarding other information sought by the
11 borrower."  12 U.S.C. § 2605(e)(1)(B)(ii).  Under RESPA, the term
12 "servicing" refers to "receiving any scheduled periodic payments
13 from a borrower pursuant to the terms of any loan."  Id. at §
14 2605(i)(3).  When presented with a valid QWR, section 2605
15 requires a loan servicer to provide disclosures "relating to the
16 servicing of [the] loan," Id. at § 2605(e)(1)(A), and may be
17 liable for damages for failing to do so.  id. at § 2605(f)(1).
18 Courts routinely interpret section 2605 as requiring a QWR to
19 relate to the servicing of a loan, rather than the creation or
20 modification of a loan.  See Consumer Solutions REO, LLC. v.
21 Hillery, 658 F. Supp. 2d 1002 (N.D. Cal. 2009) (dismissing RESPA
22 claim with prejudice because plaintiff's "QWR" disputed the
23 validity of a loan and not its servicing); MorEquity, Inc. v.
24 Naeem, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (dismissing
25 plaintiff's RESPA claim after finding that none of the
26 irregularities alleged in the "QWR" related to servicing as
27 defined by section 2605); Philips v. Bank of Am. Corp., 2010 U.S.
28 Dist. LEXIS 35131 (finding defendant had no duty under RESPA to

1 respond to plaintiff's "QWR" because it related to origination
2 and modification of a loan, not its servicing).

3     In this case, exhibit B fails to relay any servicing error.
4 The purported QWR contains no statement of plaintiff's belief as
5 to the existence of a servicing error, nor does it contain
6 anything to put Wachovia on notice of a servicing error.  Rather,
7 the letter is primarily aimed at uncovering documents relating to
8 the ownership of the obligation, as well as seeking recission or
9 modification by calling into question the validity of the loan.
10 (Pl.'s Ex. B at 49 ("The loan being serviced is defective.").)
11 However, neither an inquiry into the ownership of a loan, nor an
12 allegation of defective loan documentation, are sufficient to
13 transform an otherwise non-qualifying correspondence into a QWR.
14 See Hillery, 658 F. Supp. 2d 1002; MorEquity, 118 F. Supp. 2d
15 885, 901.  Moreover, while plaintiff's letter requests a
16 "statement of all payments made on this loan," this request is
17 similarly insufficient to meet the requirements of RESPA.  A
18 simple inquiry into payments made, without more, cannot be
19 interpreted as either "a statement of the reasons for the belief
20 of the borrower, to the extent applicable, that the account is in
21 error," or, "provid[ing] sufficient detail to the servicer
22 regarding other information sought by the borrower," as required
23 by RESPA.  12 U.S.C. § 2605(e)(1)(B)(ii).  In other words, an
24 unadorned request for a statement of payments made toward a loan
25 is not an allegation of a servicing error.

26     Thus, plaintiff's correspondence fails to meet the
27 requirement of section 2605 that a QWR put a loan servicer on
28 notice of a servicing error.  Because plaintiff's letter does not

1  meet the requirements of a QWR, Wachovia was under no obligation
2  to respond.  Accordingly, there can be no liability for
3  Wachovia's failure to provide a written response to plaintiff's
4  correspondence.
5       Therefore, Wachovia's motion to dismiss plaintiff's second
6  cause of action is GRANTED.  Because plaintiff's RESPA cause of
7  action is predicated on her having submitted a valid QWR to
8  Wachovia, there is no possibility that the claim can be cured by
9  amendment.  Because leave to amend would be futile, plaintiff's
10 RESPA cause of action is dismissed with prejudice.

**D.   RFDCPA Violation**

12      Plaintiff's third cause of action alleges a violation of
13 California's Rosenthal Fair Debt Collection Practices Act
14 ("RFDCPA").  (SAC ¶¶ 105-111.)  Plaintiff's SAC notes the date
15 and time of 6 phone calls allegedly placed by Wachovia to
16 plaintiff after plaintiff's January 15, 2009 letter to Wachovia
17 requesting communications cease pursuant to RFDCPA.   Wachovia
18 moves to dismiss this cause of action arguing, *inter alia*, that
19 plaintiff has failed to allege a violation of the RFDCPA with
20 sufficient factual specificity.  (MTD at 5-6.)  Specifically,
21 Wachovia contends that plaintiff's amended cause of action fails
22 because contact alone is not enough to allege a violation of the
23 RFDCPA.  (Id. at 6.)
24      The RFDCPA precludes a debt collector from collecting or
25 attempting to collect from a debtor on a consumer debt in a
26 threatening or harassing manner.  See Cal. Civ. Code § 1788 *et*
27 *seq*. (West 2010).  Specifically, the RFDCPA prohibits threats,
28 obscenity, misleading or false communications, and overreaching.

9

1  Id. §§ 1788.10-.12, 1788.14-.16.  However, "foreclosing on [a]
2  property pursuant to a deed of trust is not the collection of a
3  debt within the meaning of the FDCPA."  Izenberg v. ETS Servs.,
4  LLC, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008) (quoting Ines v.
5  Countrywide Home Loans, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3,
6  2008)).  Nor does foreclosure meet the requirements of a debt
7  collection within the meaning of the RDFCPA.  Id.
8      While the federal rules contemplate a short and plain
9  statement of the factual basis for a plaintiff's claims, the
10 allegations must be sufficiently pled to allow the court to
11 determine whether the conduct violates the statute.  See Iqbal,
12 129 S. Ct. at 1950; Twombly, 550 U.S. at 555.  Although the SAC
13 has improved upon the FAC's factually deficient claim by listing
14 the date and time of the alleged debt collection phone calls, due
15 to the unadorned nature of these added allegations, plaintiff's
16 RFDCPA cause of action still fails to meet the applicable
17 pleading requirements.  As noted by the court in its prior Order,
18 plaintiff's assertion that Wachovia "repeatedly called" plaintiff
19 does not by itself constitute a violation of the RFDCPA.
20 Plaintiff's SAC alleges little more than the FAC's bald assertion
21 of harassment.  Taken as true, plaintiff's SAC makes no
22 allegation regarding the nature of the phone calls, only that
23 they were placed.  This alone is not enough to allow the court to
24 infer that there has been conduct violating the statute.
25      Accordingly, Wachovia's motion to dismiss plaintiff's third
26 claim for relief is GRANTED with leave to amend.
27  /////
28  /////

**CONCLUSION**

For the foregoing reasons, Wachovia's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff is granted fifteen (15) days from the date of this order to file a third amended complaint in accordance with this order. Defendant is granted thirty (30) days from the date of service of plaintiff's third amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: June 28, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE