1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   LISA GATES,
                                           NO. 2:09-cv-02464-FCD/EFB
13              Plaintiff,

14        v.                               MEMORANDUM AND ORDER

15   WACHOVIA MORTGAGE, FSB,

16              Defendant.
     _____/
17

18                                ----oo0oo----

19        This matter is before the court on the motion of defendant

20   Wachovia Mortgage, FSB ("Wachovia") to dismiss plaintiff Lisa

21   Gates' ("plaintiff") second claim for relief in the third amended

22   complaint ("TAC") pursuant to Federal Rule of Civil Procedure

23   12(b)(6).  Plaintiff opposes the motion.  For the reasons set

24   forth below,[1] defendant's motion to dismiss is GRANTED.

25   /////

26   _____

27        [1]    Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
28   E.D. Cal. L.R. 230(g).

                                    1

**BACKGROUND**

The court adopts the factual and procedural background set forth in its Order on Wachovia's motion to dismiss plaintiff's first amended complaint ("FAC").  (Memorandum & Order ("Order"), filed Feb. 2, 2010.)

On April 6, 2010, Wachovia moved to dismiss plaintiff's second amended complaint ("SAC") for insufficient facts and failure to state a claim.  Defendant's motion was granted in part and denied in part.  Specifically, the court granted plaintiff leave to amend her RFDCPA claim.  Plaintiff filed a third amended complaint ("TAC") and Wachovia now moves to dismiss plaintiff's TAC for failure to plead facts sufficient to state cognizable claim for relief under RFDCPA.

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of

2

1  every reasonable inference to be drawn from the "well-pleaded"

2  allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v.</u>

3  <u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

4  allege "'specific facts' beyond those necessary to state his

5  claim and the grounds showing entitlement to relief."  <u>Twombly</u>,

6  550 U.S. at 570.  "A claim has facial plausibility when the

7  plaintiff pleads factual content that allows the court to draw

8  the reasonable inference that the defendant is liable for the

9  misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.

10      Nevertheless, the court "need not assume the truth of legal

11  conclusions cast in the form of factual allegations."  <u>United</u>

12  <u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

13  Cir. 1986).  While Rule 8(a) does not require detailed factual

14  allegations, "it demands more than an unadorned, the defendant-

15  unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949.  A

16  pleading is insufficient if it offers mere "labels and

17  conclusions" or "a formulaic recitation of the elements of a

18  cause of action."  <u>Id.</u> at 1950 ("Threadbare recitals of the

19  elements of a cause of action, supported by mere conclusory

20  statements, do not suffice.");  <u>Twombly</u>, 550 U.S. at 555.

21  Moreover, it is inappropriate to assume that the plaintiff "can

22  prove facts which it has not alleged or that the defendants have

23  violated the . . . laws in ways that have not been alleged."

24  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council</u>

25  <u>of Carpenters</u>, 459 U.S. 519, 526 (1983).

26      Ultimately, the court may not dismiss a complaint in which

27  the plaintiff has alleged "enough facts to state a claim to

28  relief that is plausible on its face."  <u>Iqbal</u>, 129 S. Ct. at 1949

1   (citing <u>Bell Atl. Corp.</u>, 550 U.S. at 570).  Only where a

2   plaintiff has failed to "nudge [his or her] claims across the

3   line from conceivable to plausible," is the complaint properly

4   dismissed.  <u>Id.</u> at 1952.  While the plausibility requirement is

5   not akin to a probability requirement, it demands more than "a

6   sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> at

7   1949.  This plausibility inquiry is "a context-specific task that

8   requires the reviewing court to draw on its judicial experience

9   and common sense."  <u>Id.</u> at 1950.

10      In ruling upon a motion to dismiss, the court may consider

11  only the complaint, any exhibits thereto, and matters which may

12  be judicially noticed pursuant to Federal Rule of Evidence 201.

13  <u>See</u> <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir.

14  1988); <u>Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.</u>, 12 F.

15  Supp. 2d 1035, 1042 (C.D. Cal. 1998).

16                          **ANALYSIS**

17      Plaintiff's second claim for relief alleges a violation of

18  California's Rosenthal Fair Debt Collection Practices Act

19  ("RFDCPA").  (TAC ¶¶ 75-95.)  Plaintiff's TAC alleges the date,

20  time, and nature of six phone calls allegedly placed by Wachovia

21  to plaintiff after plaintiff's January 15, 2009 letter to

22  Wachovia requesting communications cease pursuant to the RFDCPA.

23  Wachovia moves to dismiss this cause of action arguing, *inter*

24  *alia*, that plaintiff has failed to allege a violation of the

25  RFDCPA.  (Def.'s Mot. to Dismiss Pl.'s TAC ("MTD"), filed Aug. 2,

26  2010.)  Specifically, Wachovia contends that plaintiff's amended

27  cause of action fails because the RFDCPA does not apply in cases

28  involving foreclosure on a residential mortgage and because

                               4

1   plaintiff alleges non-harassing contact insufficient to state a

2   claim for violation of the RFDCPA.  Id.

3        The RFDCPA precludes a debt collector from collecting or

4   attempting to collect from a debtor on a consumer debt in a

5   threatening or harassing manner.  See Cal. Civ. Code § 1788 et

6   seq. (West 2010).  Specifically, the RFDCPA prohibits threats,

7   obscenity, misleading or false communications, and overreaching

8   by debt collectors.  Id. §§ 1788.10-.12, 1788.14-.16.  The RFDCPA

9   defines a debt collector as "any person who in the ordinary

10  course of business, regularly, on behalf of himself or herself or

11  others, engages in debt collection."  Id. § 1788.2(c).

12       Numerous courts within the Ninth Circuit have concluded that

13  foreclosure pursuant to a deed of trust is not the collection of

14  a debt within the meaning of the RFDCPA.  Lal v. American Home

15  Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010);

16  Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D.

17  Cal. 2008); see Wilson v. JPMorgan Chase Bank, NA., No. CIV.

18  2:09-863 WBS GGH, 2010 WL 2574032, *10 (E.D. Cal. June 25, 2010);

19  Chernik v. Bank of America Home Loans, No. 2:09-cv-02746 JAM-DAD,

20  2010 WL 3269797, *3 (E.D. Cal. Aug. 18, 2010); Ricon v.

21  Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D.Cal. Aug.

22  4, 2009) (dismissing with prejudice plaintiff's unfair debt

23  collection claims in foreclosure case); Pittman v. Barclays

24  Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3

25  (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's

26  Rosenthal Act claim in foreclosure case because a "residential

27  mortgage loan does not qualify as a 'debt' under the statute");

28  Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3

1  (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure

2  case).   Further, several courts within this Circuit have also

3  concluded that in mirroring certain provisions of the Federal

4  Debt Collection Practices Act ("FDCPA"), a mortgage servicing

5  company or any assignee of the debt is not considered a "debt

6  collector" under the RFDCPA.   Lal, 680 F. Supp. 2d at 1224

7  (citing Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D.

8  Cal. 2009); Olivier v. NDEX West, LLC, No. 1:09-CV-00099 OWW GSA,

9  2009 WL 2486314, at *3 (E.D. Cal. Aug. 10, 2009); Cordova v.

10 America's Servicing Co., No. C 08-05728 SI, 2009 WL 1814592, at

11 *2 (N.D. Cal. June 24, 2009).

12      Plaintiff's complaint alleges that Wachovia, as either a

13 loan servicer or owner of plaintiff's obligation, contacted

14 plaintiff in connection with a foreclosure pursuant to the deed

15 of trust.   Under the prevailing law among California district

16 courts, as a matter of law, defendant Wachovia cannot be liable

17 for such conduct under the RFDCPA because the foreclosure is not

18 a debt and Wachovia is not a debt collector within the meaning of

19 the statute.   Moreover, as the court noted in its prior orders,

20 plaintiff's assertion that Wachovia "repeatedly called" her does

21 not by itself constitute a violation of the RFDCPA; plaintiff's

22 additional allegations in the TAC fail to support a conclusion

23 that the six calls at issue were made in a threatening or

24 harassing manner or that defendant used obscenity, deceptive

25 practices, or made threats.   As such, even if the RFDCPA applied

26 to this defendant, the calls are not indicative of improper debt

27 collection practices under the RFDCPA and plaintiff's claim still

28 fails to meet the applicable pleading requirements.

1   Accordingly, Wachovia's motion to dismiss plaintiff's second

2   claim for relief is GRANTED.  Because plaintiff has failed to set

3   forth a colorable RFDCPA claim despite four opportunities to do

4   so, and because the court cannot discern how plaintiff could cure

5   the deficiencies in her claim given the language of the statute

6   and the nature of the conduct at issue, plaintiff's RFDCPA claim

7   is dismissed without leave to amend.

8                            **CONCLUSION**

9        For the foregoing reasons, Wachovia's motion to dismiss

10  plaintiff's RFDCPA claim is GRANTED without leave to amend.

11       IT IS SO ORDERED.

12  DATED: October 12, 2010

13

14  _____

15  FRANK C. DAMRELL, Jr.
    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

7